## HASKELL *versus* MATHEWS.

An action on a note payable in "legal services on demand," cannot be maintained, without proof of a demand, and the nature of the services required of the promisor made known to him; unless it is shown that he is *disabled* or *disqualified* to perform the contract.

When such a contract has been made, the promisee has a *reasonable time* in which he may require it to be performed, without unexpected expense or inconvenience to himself in obtaining it.

Haskell v. Mathews.

But the promisor is not bound to remain in the place or vicinity, where the
contract was made, for any period it may suit the promisee to wait, before
he makes a demand for its performance.

Even his removal out of the State, *after* a reasonable time has elapsed
in which the promisee might have demanded and received the services,
will not make the promisor liable to an action on the contract, unless an
occasion for such services be proved.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT.    The general issue was pleaded.

The note declared on was dated at Clinton, Jan. 28, 1840,
payable to order of plaintiff "in legal services" on demand.
The writ was dated July 17, 1851.

At the time the note was given, the plaintiff was a trader
living in Clinton, and the defendant an attorney at law,
hiring an office in the same building.

In 1846 and 1848, two small indorsements were made
upon the note for writs made by defendant in part pay-
ment.

Mathews lived in the town of Clinton in the fall of 1840,
and part of the winter of 1841; he then removed to Water-
ville, five miles distant, and there commenced publishing a
newspaper, and had a sign as attorney at law.

In 1843, he removed to Gardiner, and there published a
paper; and in 1847, removed to Boston, where he has since
resided and published a paper.

The case was taken from the jury and submitted to the
Court for such judgment as the law upon these facts re-
quired.

*Paine*, for the defendant.

*Smith*, for the plaintiff, cited Chipman on Cont. 30;
*Dunn* v. *Marston*, 34 Maine, 379; *Newcomb* v. *Brackett*,
16 Mass. 165; *Brown* v. *Gammon*, 14 Maine, 276; Chitty
on Cont. 571.

SHEPLEY, C. J. — The contract of the defendant to pay in
legal services on demand, did not prescribe the place, where
those services should be performed.    While the defendant,
by a fair construction of it, would not be at liberty to con-

duct so as to prevent the plaintiff from obtaining payment within a reasonable time without incurring unexpected expense or inconvenience, it could not be so construed as to require the defendant to remain in a particular office or to reside in a particular place for any period, that it might please the plaintiff to wait before he made a request for payment.

The contract was of such a character, that the defendant could not perform it, until he was requested to do so, nor until the services desired were made known to him.

He appears to have continued to reside for three months or more in the place where the contract was made; and for more than two years afterward within about five miles from it, where, without great inconvenience or expense, he might have been requested to perform the services at the place, where the contract was made, if it were important to the plaintiff, that they should be performed there.

No demand for performance appears to have been made at any time or place. Nor does the defendant appear to have been disabled or disqualified to perform. Or that the plaintiff had any occasion for the legal services of the defendant after his removal from the State.

*Plaintiff nonsuit.*

TENNEY, APPLETON, RICE and CUTTING, J. J., concurred.